[Civ. No. 15898.   First Dist., Div. Two.   Sept. 20, 1954.]

MICHAEL DAVID BILTGEN et al., Appellants, v. CITY OF SAN MATEO, Respondent.

Edward A. Friend for Appellants.

Clark & Heafey, Schofield & Hannegan and Gerald P. Martin for Respondent.

DOOLING, J.—Plaintiffs appeal from a judgment entered in favor of defendant City of San Mateo after the court sustained a demurrer of that defendant to their second amended complaint without leave to amend. The action is one for the alleged wrongful death of the husband and father of the respective plaintiffs who was struck and killed by a train at a railroad crossing. The charging portion of the complaint insofar as it relates to the defendant city recites:

"That 25th Street at the site of the accident is now and at all times herein mentioned has been public property of the City of San Mateo; that under the circumstances existing at the time of the accident the warning signal provided at the aforementioned site was inadequate to give warning to persons lawfully using the said 25th Street of the approach of a train; that by reason of such inadequacy the aforementioned public street was dangerous or defective, so far as its use by motorists traveling thereupon is concerned."

We must agree with respondent that the allegation that "the warning provided at the aforementioned site was inadequate to give warning to persons lawfully using" the street is the mere conclusion of law of the pleader. The general demurrer to the complaint was therefore properly sustained.

Appellant argues that the complaint could be amended to cure this defect and hence the portion of the court's order refusing leave to amend was an abuse of discretion. (*Plaza v. City of San Mateo*, 123 Cal.App.2d 103, 112 [266 P.2d 523].) On the oral argument the attorney for appellant

stated that the crossing is protected with automatic wigwag signals on each side of the track and that the gist of his complaint is that the crossing should be protected by automatic gates. He made no claim that the wigwag signals were not operating properly at the time of defendant's death nor that they were not visible and audible to an approaching motorist. In this respect he stated substantially that they were somewhat above the eye-level of a motorist and that if gates were supplied they would be at the level of the motorist's eyes. Accepting this statement of counsel and if such facts were alleged we cannot hold that the complaint would state facts showing a "dangerous or defective condition of public property," which is the statutory requisite for imposing liability on the respondent city. (Gov. Code, § 53051.)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.